IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| 1.    JANOSKI, STEPHEN | ) |
| | ) |
| | ) CASE No. 13-272C |
| | ) (Judge Wolski) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFF'S PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of this Court, the plaintiff respectfully submits the following Preliminary Status Report. Please note that this is not a "Joint" Preliminary Status Report (JPSR). Following the parties' initial conference call on July 25, 2013, and the plaintiff's providing the defendant a draft JPSR, the defendant informed the plaintiff that it refused to participate in the JPSR pursuant to Appendix A of the Rules of this Court. The defendant argues that it has no obligation to participate in the JPSR because of its pending motion to transfer, as well as its request to not participate in case management activities. Without a ruling from the Court regarding the defendant's pending motion, and no instructions otherwise, the plaintiff will continue to follow this Court's rules regarding case management activities. Further, the defendant's motion is for transfer, not dismissal. Thus, discovery, initial disclosures and other case management activities must take place -- even if the defendant's motion to transfer is ultimately granted. There is no reason to delay discovery and/or case management activities, nor is there a reason to ignore this Court's rules.

      a.      <u>Does the Court have jurisdiction over this action?</u>

Plaintiff believes that the Court possesses subject matter jurisdiction to entertain this action pursuant to the Tucker Act, 28 U.S.C. §1491.  Defendant has filed a motion to transfer.

      b.      <u>Should the case be consolidated with any other case?</u>

No.

      c.      <u>Should trial of liability and damages be bifurcated<br>and the reasons therefore?</u>

No.

d.     Should further proceedings in this case be deferred pending
       <u>consideration of another case before this Court or any other tribunal</u>?

No.

e.     Will a remand or suspension be sought and the reasons
       <u>therefore and the proposed duration?</u>

No.

f.     Will additional parties be joined and, if so, a statement describing such
       parties, their relationship to the case, and the efforts to effect <u>joinder and
       the schedule proposed to effect joinder</u>?

Pursuant to the Court's rules, should additional similarly situated employees come

forward and request to participate in this lawsuit, plaintiff's counsel will file a motion to

amend the complaint to add additional plaintiffs who wish to opt-in to this case. Plaintiff

proposes that they be permitted to add plaintiffs to this case until 60 days prior to the

close of discovery.

g.     Does either party intend to file a motion pursuant to Rule 12(b),
       <u>12(c) or 56 and, if so, a schedule for the intended filing?</u>

At this time, plaintiff believes that upon the completion of discovery and in the

event that this case does not settle, he will likely file a dispositive motion pursuant to

Rule 56.

h.     <u>What are the relevant factual and legal issues?</u>

Based upon a review of the case thus far, the plaintiff believes that the primary

issues are as follows:

1.  Whether plaintiff was properly classified as exempt from the Fair Labor

Standards Act, 29 U.S.C. § 203 (FLSA);

2.  If plaintiff was improperly classified as exempt under the FLSA, whether

plaintiff is entitled to receive overtime compensation in accordance with the Fair Labor

Standards Act (FLSA), 29 U.S.C. § 207, from April 19, 2010 to the present, and if so, in

what amount;

      3.  In the event plaintiff was improperly classified as exempt from the FLSA,

whether the Government can establish that it acted in good faith and in a manner that was

not in violation of the FLSA so as to avoid a recovery of liquidated damages pursuant to

29 U.S.C. § 260; and

          4.  Whether plaintiff is entitled to reasonable attorney fees and costs under

the FLSA.


      i.      What is the likelihood of settlement?
             Is alternative dispute resolution contemplated?

The plaintiff believes that there is a likelihood of settlement and is amenable to

engaging in settlement discussions, which may include alternative dispute resolution

procedures.

      j.      Do the parties anticipate proceeding to trial?  Does any party or do the
             parties jointly request expedited trial scheduling, and, if so, the reasons
             why the case is appropriate therefore?

The plaintiff is currently unable to predict whether this matter will proceed to

trial.  The plaintiff does not request an expedited trial scheduling.

k.    <u>Are there special issues regarding electronic case management needs</u>?

No.

l.    Is there any other information of which the Court
      <u>should be aware at this time?                          </u>

No.

<u>Proposed Discovery Plan</u>

The plaintiff proposes that the parties exchange initial disclosures, engage in

document production, engage in depositions including Rule 30(b)(6) depositions..

Plaintiff will likely serve a limited number interrogatories and/or requests for production

of documents.

The plaintiff proposes the following discovery schedule:

Exchange of Initial Disclosures:                    August 16, 2013

Close of Discovery:                                 December 17, 2013

The plaintiff also proposes filing a status report on or before December 1, 2013

regarding the necessity for further litigation proceedings, including the necessity for

further discovery, dispositive motions or whether the parties would like to engage in

alternative dispute options wit or other settlement options.

Respectfully submitted,


s/David Ricksecker
DAVID RICKSECKER
Woodley & McGillivary
1101 Vermont Ave. NW, Suite 1000
Washington, D.C. 20005
(202) 833-8855

Attorney for Plaintiffs


Date:  _____August 8, 2013_____

## **CERTIFICATE OF SERVICE**

This to certify that a true and accurate copy of the foregoing <u>Preliminary Status</u>

<u>Report</u> was served through the Court's electronic filing system (ECF), on this 8th day of

August, 2013 to the following counsel for the defendant:

Zachary Sullivan
Trial Attorney
U.S. Department of Justice
National Courts Section, Civil Division
U.S. Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, DC 20044


<u>s/ David Ricksecker</u>
David Ricksecker