IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JANOSKI, STEPHEN | ) |
| | ) |
| | ) CASE No. 13-272C |
| | ) (Judge Wolski) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S REPLY TO THE DEFENDANT'S RESPONSE TO PLAINTIFF'S PRELIMINARY STATUS REPORT**

On August 8, 2013, after the plaintiff filed a Preliminary Status Report, the defendant submitted its response. In the response, the defendant states:

> [i]nstead of filing an opposition to our motion to transfer and request to be relieved of case management activity duties, plaintiff filed his own preliminary status report on August 8, 2013.

This statement ignores that the defendant is indeed aware that the plaintiff intends to file an opposition to the Motion for Transfer, but is not obligated to do so until August 22, 2013. Indeed, on July 25, 2012, in a feeble attempt to avoid engaging in case management activities, defendant's counsel stated:

> In our call, you noted that plaintiff's response to the motion to transfer is not due until after the JPSR is due.  Of course, you can always file a response prior to August 8th.

Strangely, the Agency finds it appropriate to criticize the plaintiff for *following* the Court's rules and deadlines, and taking the necessary and permitted time to respond to the defendant's substantive motion.

The defendant waited until July 22, 2013 to file its Motion to Transfer and within that motion a request to not engage in case management activities -- over a month after filing its Answer. Therefore, the case management deadlines were already upon the parties once the motion was filed, and within the time period for the plaintiff to respond to the defendant's motion (August 22, 2013).

The defendant's argument that it should not be obligated to engage in case management activities is based on a Court Rule that Joint Preliminary Status Report's should be deferred if there is a pending "dispositive motion addressing all issues." RCFC App. A para. 6. There is no such dispositive motion pending, only a motion to transfer. A dispositive motion entirely disposes of one or more claims in favor of the moving party without need for further trial court proceedings. Here, even if the defendant is successful, no claim is disposed of. Indeed, initial disclosures will still be made and scheduling orders will be issued even if the defendant is successful, only in a different court. Thus, there is no reason to ignore the Court's rules, nor delay or defer the filing of a Preliminary Status Report.

The plaintiff will continue to comply with the Court's rules unless ordered otherwise. The Plaintiff filed his Preliminary Status Report, rather than a "Joint" Report, only after the defendant affirmatively stated on July 25, 2013 that:

> the parties should not engage in case management activities until the Court rules on defendant's request that the parties be relieved of their obligations pending resolution of the motion to transfer.  Accordingly, we should not file a JPSR with the Court by August 8th or exchange initial disclosures until we hear from the Court.

The plaintiff does not agree with the defendant's interpretation of the rules, and respectfully requests that the Court take notice of the Plaintiff's Preliminary Status Report and issue a scheduling order.

The plaintiff will address the Defendant's Motion to Transfer and Defendant's Motion for Temporary Relief from Obligations to Make Initial Disclosures in separate responses, according to the timelines set out in the Court's rules.

Respectfully submitted,

s/David Ricksecker
DAVID RICKSECKER
Woodley & McGillivary
1101 Vermont Ave. NW, Suite 1000
Washington, D.C. 20005
(202) 833-8855

Attorney for Plaintiffs

Date:   __August 15, 2013_____

## **CERTIFICATE OF SERVICE**

This to certify that a true and accurate copy of the foregoing Preliminary Status Report was served through the Court's electronic filing system (ECF), on this 15th day of August, 2013 to the following counsel for the defendant:

Zachary Sullivan
Trial Attorney
U.S. Department of Justice
National Courts Section, Civil Division
U.S. Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, DC 20044

s/ David Ricksecker
David Ricksecker