# In the United States Court of Federal Claims

No. 13-272C
(Filed September 16, 2013)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * *
                                            *
STEPHEN JANOSKI,                            *
                                            *
                Plaintiff,                  *
                                            *
        v.                                  *
                                            *
THE UNITED STATES,                          *
                                            *
                Defendant.                  *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

In conjunction with its motion to transfer this case, the government has requested that the parties' normal case management obligations be suspended, pending the Court's determination of that motion. Def.'s Mot. to Trans. at 1. The government has separately and more narrowly moved for temporary relief from the obligation make initial disclosures, otherwise required under Rule 26(a) of the Rules of the United States Court of Federal Claims (RCFC). Def.'s Mot. for Temp. Rel. at 1-2. The plaintiff opposes both requests, arguing that they are inconsistent with our rules and will only delay the inevitable, as disclosures and scheduling orders are required regardless of the forum. Pl.'s Opp'n to Def.'s Mot. to Trans. at 2, 9-10; Pl.'s Resp. to Def.'s Mot. for Temp. Rel. at 2.

This disagreement springs from the unusual procedural posture of this case. Instead of responding to the complaint with an RCFC 12(b)(1) motion seeking transfer to a district court, the government first filed an answer --- triggering case management obligations that key off the filing of an answer. *See* RCFC App. A ¶¶ 3-4; RCFC 26(a)(1)(C). Exactly five weeks later, the motion to transfer was filed --- but this was just two weeks before the deadline for filing the Joint Preliminary Status Report (JPSR), RCFC App. A ¶ 4, prior to which the early meeting of counsel must take place. *Id.* ¶ 3. According to the plaintiff, this meeting occurred two days later, Pl.'s Resp. to Def.'s Mot. for Temp. Rel. at 1 (discussing July 24 early meeting), which would then necessitate that the initial disclosures be made within

fourteen days of that date, absent a stipulation or court order.  RCFC 26(a)(1)(C). Since its transfer motion and relief request were pending, the government took the position that the normal schedule was suspended until the Court rules otherwise, and would not join in a JPSR.  Def.'s Resp. to Pl.'s PSR at 2.  Indeed, for good or ill, that does seem to be the convention we follow when, for instance, motions for extensions are filed.

Matters are further complicated by the government's choice to embed its initial request for relief in its motion to transfer (with no supporting argument, other than the implicit notion that following our procedures would be inefficient were a district court to be the proper forum).  *See* Def.'s Mot. to Trans. at 1.  Had a separate, formal motion been filed, the plaintiff would have had the shorter, fourteen day (plus three per RCFC 6(d)) time period to respond under RCFC 7.2(a)(1), and --- if eager to have the question resolved --- could have responded much sooner.  But with the request married to the weightier question of our court's jurisdiction, the plaintiff's opposition to both was filed two weeks later under RCFC 7.2(b)(1), and the government's reply recently arrived (due, in part, to a ten-day extension, see Order (Aug. 27, 2013)).

In the meantime, the plaintiff filed his own preliminary status report on the August 8, 2013 deadline for the JPSR.[1]  This report proposed a schedule which included an August 16, 2013 exchange of initial disclosures.  Pl.'s PSR at 5.  The government responded to the plaintiff's preliminary status report on the same day that it was filed, reiterating the cursory request for relief that had been included in the motion to transfer --- this time adorned with a *confer* reference to the provision in our rules which defers the JPSR once a fully dispositive motion is pending.  Def.'s Resp. to Pl.'s PSR at 1 (citing RCFC App. A ¶ 6).  Four days later, the government moved for temporary relief from the parties' obligations to make initial disclosures during the pendency of the question of relief from case management activities.  Def.'s Mot. for Temp. Rel. at 1-2.  Four days after that, the plaintiff carried out his planned initial disclosures to the government, and then, 11 days later, used the government's advantageous possession of these materials as an argument against the motion for temporary relief.  Pl.'s Resp. to Def.'s Mot. for Temp. Rel. at 2-3.

---

[1] Plaintiff, in this preliminary status report, did register an opposition of sorts to the request for relief --- stating his position that our rules require case management activities to continue absent a motion to dismiss.  Pl.'s PSR at 2.

While the Court appreciates the plaintiff's purported punctiliousness in attempting to follow our rules,[2] it is difficult to shake the impression that resources (including judicial) have been needlessly and senselessly diverted by this disagreement between the parties. Normally, the Court is of the opinion that once a case has proceeded into the discovery phase, even a (somewhat belated) dispositive motion cannot derail these proceedings. *See Flintco, Inc. v. United States*, No. 10-178C, 2012 WL 3276158, *1-2 (Fed. Cl. Aug. 10, 2012). On the other hand, our rules provide that a dispositive motion filed early enough --- prior to the JPSR deadline --- will typically defer the filing of the JPSR. App. A ¶ 6. This does not necessarily postpone discovery, which has as its trigger the early meeting of counsel and not the JPSR. *See* RCFC 26(d)(1) (citing RCFC App. A, ¶ 3). But since the timing of the early meeting is stated in relation to the JPSR, *see* RCFC App. A ¶ 3, when a dispositive motion is filed before this meeting takes place, it would have the effect of deferring the early meeting (and those aspects of case management that follow).

The circumstances presented fall somewhere in-between those described above. Although the defendant's motion was filed prior to the early meeting, it is not a dispositive motion, but merely seeks a transfer of the case under 28 U.S.C. § 1631. Def.'s Mot. to Trans. at 8-9.[3] Thus, the JPSR is not automatically deferred under our rules. The issue for the Court is whether case management events, such as initial disclosures and the filing of the JPSR, should stay on track when a motion has been filed questioning our subject-matter jurisdiction. The plaintiff maintains that initial disclosures and scheduling orders would be needed even were the case to be transferred. *See* Pl.'s Opp'n to Def.'s Mot. to Trans. at 2, 9-10. The Federal Rules of Civil Procedure, however, differ from ours regarding the timing and nature of the district courts' version of the early meeting (called a conference of the parties), and what results from the meeting is a report on a discovery plan --- but a small component of our JPSR. *See* Fed. R. Civ. P. 16(b), 26(f). Much of the JPSR might be of little relevance to district court proceedings, and the deadlines contained in our scheduling orders would have no effect on those proceedings. *See Delpin Aponte v. United States*, 83 Fed. Cl. 80, 86 (2008) (explaining that discovery cut-off ordered by a district court which lacked subject-matter jurisdiction was not binding in our court). Because of the seeming divergence in case management

---

[2] The Court notes that the plaintiff chose to make his initial disclosures nine days later than our rules would require, in the absence of a stipulation or court order. *See* RCFC 26(a)(1)(C).

[3] It is not entirely clear whether a motion seeking dismissal due to lack of subject-matter jurisdiction (at least when the basis is not the expiration of the Tucker Act statute of limitations, 28 U.S.C. § 2501) can be considered dispositive under RCFC App. A ¶ 6, since "all issues" must be addressed in such a motion.

practices, the Court cannot conclude that activities designed to aid us will be of much use were the case to be transferred to a district court.

The government does not seem to contend that it would be particularly burdensome to make initial disclosures (although one supposes that different counsel from a different office would become counsel of record were the case to be transferred to a district court).  But the plaintiff has not articulated any injury that would result from a slight delay in case management activities while the motion to transfer is considered, other than the self-inflicted problem of the government's possession of his initial disclosures.  Nor has the plaintiff litigated this disagreement as if time were of the essence.  Under these circumstances, there seems to be little, if anything, to be gained in requiring the defendant to make initial disclosures and to draft a JPSR at this time.

The Court wants to make it clear that the mere questioning of our jurisdiction by a party does not release that party from its obligations under our rules and orders (and, indeed, the question of jurisdiction is the first topic covered in the JPSR, *see* RCFC App. A ¶ 4(a)).  But here, the defendant filed its motion to transfer based on the lack of subject-matter jurisdiction prior to the early meeting of counsel and just two weeks beyond the time when its answer could have been replaced, as a matter of course, with a motion to dismiss the case.  *See* RCFC 15(a)(1)(A).  Had the answer been amended to take the form of an RCFC 12(b)(1) motion, the Court is of the opinion that the JPSR, triggered by the answer, *see* RCFC App. A ¶ 4, and the early meeting and its sequelae, would all have been avoided until the question of jurisdiction is resolved.  The passage of two weeks is not significant enough to distinguish our circumstances from those just described.  The government's motion for temporary relief is **GRANTED**, as is the request that case management activities be stayed pending the resolution of the motion to transfer.  If that motion is denied, the JPSR will be due within 21 days of the date of the denial.

**IT IS SO ORDERED.**

                                              s/ Victor J. Wolski

                                              **VICTOR J. WOLSKI**
                                              Judge