# In the United States Court of Federal Claims

No. 13-272C
(Filed March 26, 2014)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
STEPHEN JANOSKI,                                *
                                                *
                Plaintiff,                      *
                                                *
        v.                                      *
                                                *
THE UNITED STATES,                              *
                                                *
                Defendant.                      *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

      Pending before the Court are three motions.  Defendant initially moved to transfer the original complaint in this case to the United States District Court for the Eastern District of Virginia.  After that motion was fully briefed, plaintiff submitted a First Amended Complaint, purporting to add five additional plaintiffs.  The government responded with a motion to transfer the amended complaint to the aforementioned district court, or, in the alternative, to strike the amended pleading.  In his paper opposing this motion, plaintiff belatedly requested leave to file the amended complaint, which the Court construes as a motion to that end.  *See* Pls.' Opp'n to Def.'s Mot. to Transfer Pls.' First Am. Compl. at 2 n.2, ECF No. 24 (Pl.'s Opp'n).

      Taking the last matter first, the only reason the government gives for opposing the filing of the amended pleading is futility based on its jurisdictional argument for transfer.  Def.'s Reply at 6 n.3, ECF No. 25.  As we will see shortly, this argument is incorrect.  But failure to offer a good reason to oppose leave to file an amended pleading is not the same thing as written consent to such a filing.  Thus, the plaintiff would still need leave of court to file the amended pleading, which was submitted (many) more than twenty-one days after the government filed its answer.  *See* Rule 15(a) of the Rules of United States Court of Federal Claims (RCFC).  Although we liberally grant motions to amend complaints and defendant has not identified any prejudice that would result from the amendment, the Court finds that plaintiff's request for leave suffers a fatal defect.

Plaintiff submitted the first amended complaint on September 25, 2013, with no accompanying motion under RCFC 15(a)(2) for leave to file the document, and thus under our rules it could not have been filed as of that date. By the time plaintiff requested leave to file the amended complaint, in a document filed on November 26, 2013, a complaint had already been filed in our court containing the claims of the other five purported plaintiffs. *See* Compl., *Anderson v. United States*, No. 13-884C (Fed. Cl. Nov. 7, 2013). Since "[p]arties may not split the same claim into more than one lawsuit before the same court," *Young v. United States*, 60 Fed. Cl. 418, 423-24 (2004) (citations omitted), once the claims of the five plaintiffs in *Anderson* were filed in that lawsuit, they could not be added to this lawsuit through the amendment process.† Accordingly, the motion for leave to file the amended complaint is **DENIED,** the government's motion (in the alternative) to strike the amended complaint is **GRANTED**, and defendant's motion to transfer the amended complaint is **DENIED** as moot.

This brings us to the government's first motion to transfer the original complaint. Defendant argues that we lack subject-matter jurisdiction over plaintiffs's Fair Labor Standards Act (FLSA) claims, under its reading of *United States v. Bormes*, 133 S. Ct. 12, 18-19 (2012). The undersigned, in an unrelated matter, disagreed with the government's theory. *Farzam v. United States*, 13-075C, 2013 WL 5819273 (Fed. Cl. Oct. 29, 2013). Last week the Federal Circuit confirmed the correctness of this Court's view, holding that the Tucker Act gives our court exclusive jurisdiction over FLSA claims seeking more than ten thousand dollars in damages. *See Abbey v. United States*, No. 2013-5009, Slip Op. at 10-17 (Fed. Cir. Mar. 21, 2014). Applying this binding precedent, defendant's motion to transfer is **DENIED**. The parties shall file the Joint Preliminary Status Report on or by **Wednesday, April 16, 2014**.

Finally, the Court notes that the plaintiff has requested that this case be consolidated with *Anderson*, Pl.'s Opp'n at 2 n.2, and that the government does not oppose such consolidation, *see* Def.'s Reply at 7. Although RCFC 42.1 requires motions to consolidate to be filed in each case for which consolidation is sought, in this particular circumstance this is a technicality with which we can dispense. Considering that the request for consolidation was made in a paper that was filed on behalf of the plaintiffs purportedly appearing in both cases, and that the request was quoted in a paper filed by the government in *Anderson*, *see* Def.'s Unopp. Mot. to Stay Proceedings at 2, *Anderson*, No. 13-884C, ECF No. 6, any purpose behind the rule has been served. Accordingly, this case and *Anderson* are hereby

---

† These claims cannot relate back to the date the initial complaint was filed in this case, under RCFC 15(c)(1)(A), as the Fair Labor Standards Act provides that plaintiffs become parties by the filing of their written consent forms. *See* 29 U.S.C. § 216(b); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011).

**CONSOLIDATED.**  The government need not file a separate answer addressing the claims of the *Anderson* plaintiffs, but if it chooses to do so must file this amended answer on or by **Wednesday, April 9, 2014**.

**IT IS SO ORDERED.**

Victor J. Wolski
**VICTOR J. WOLSKI**
Judge
